United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY L. SEWELL, ASSIGNEE OF PHYSICIANS RELIANCE ASS'N, INC. By and Through its Chapter 7 Trustee, James R. Marshall,

    Plaintiff,

v.

ARTHUR J. FISHER, III, M.D.,

    Defendant.

No. C-06-80074 CRB (EDL)

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO POST-JUDGMENT DEPOSITION UPON WRITTEN INTERROGATORIES**

On April 12, 2010, Plaintiff filed this motion to compel relating to efforts to enforce a judgment entered against California Defendant Arthur Fisher. The motion was referred to the Court on April 21, 2010, and set for hearing on May 25, 2010. Defendant did not file an opposition to Plaintiff's motion by the deadline of May 4, 2010. Because the Court was concerned that Defendant may not have had notice of the hearing date, the hearing was continued to June 15, 2010 in an effort to give Defendant an adequate opportunity to oppose the motion. Defendant did not file an opposition to the motion by the deadline of May 25, 2010, and has not otherwise appeared in this action or communicated with the Court. Because this motion is appropriate for decision without oral argument, the June 15, 2010 hearing date is vacated. For the reasons stated below, the motion to compel is granted.

Judgment was entered in favor of Physicians Reliance Association and against Defendant Fisher in the amount of $6,000.00. See Blanton Affidavit ¶ 2; Docket No. 2 (abstract of judgment). The foreign judgment was registered with this Court on February 27, 2009. See Docket No. 2. On December 21, 2009, Plaintiff served Defendant with a set of Post-Judgment Interrogatories through regular first class mail, properly addressed with sufficient postage. Blanton Affidavit ¶ 4. On

**United States District Court**
For the Northern District of California

1  February 1, 2010, more than thirty days after service of the interrogatories, Plaintiff's counsel sent a
2  letter to Defendant inquiring about the status of Defendant's interrogatory responses, but received no
3  response.  See Motion at 2; Blanton Decl. Ex. B.  Thereafter, Plaintiff filed this motion to compel.
4  	Federal Rule of Civil Procedure 69(a)(2) provides that, "In aid of the judgment or execution,
5  the judgment creditor . . . whose interest appears of record may obtain discovery from any person -
6  including the judgment debtor - as provided in these rules or by the procedure of the state where the
7  court is located."  Federal Rule of Civil Procedure 31 provides that a party may without leave of
8  court depose by written questions any person, including a party, unless, pursuant to Rule 31(a)(2),
9  the deposition would result in more than ten depositions being taken, the deponent has already been
10 deposed in this case, or the party seeks to take a deposition before the time specified in Rule 26(d),
11 in which case a party must have leave of court to depose the person.  There has been no showing that
12 any of the exceptions listed in Rule 31(a)(2) apply, so therefore, Plaintiff could pursue a Rule 31
13 written deposition without leave of court.
14 	Plaintiff properly propounded post-judgment written interrogatories pursuant to Rule 31 on
15 December 21, 2009, and Defendant has not responded to them within the time period allowed.
16 Plaintiff has attempted to meet and confer with Defendant on this issue, but received no response.
17 Plaintiff has properly noticed this Motion to Compel and served it on Defendant.  Defendant has
18 failed to oppose or otherwise respond to the Motion.  Therefore, good cause exists for granting the
19 Motion to Compel and Ordering Defendant to respond to Plaintiff's Post-Judgment Written
20 Interrogatories no later than July 5, 2010.
21 	**IT IS SO ORDERED.**
22 Dated: June 3, 2010

	_Elizabeth D. Laporte_
	ELIZABETH D. LAPORTE
	United States Magistrate Judge

2